MAK

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

**18  4990**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**(b)** County of Residence of First Listed Plaintiff   *DADE, FLA*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
A. FEINGOLD, PRO SE
P.O. BOX 607, PHILA PA 19...

## DEFENDANTS

County of Residence of First Listed Defendant   *PHILA, PA*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

FLA - PA

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
300 F.N. INJ

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
N/A

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

MAK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18    4990

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: P.O. Box 60171 Philadelphia PA [illegible]

Address of Defendant: Suite 204 [illegible] Plymouth Meeting PA 19462

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: N/A   Judge: ___   Date Terminated: ___

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/19/18   [signature] Attorney-at-Law / Pro Se Plaintiff   N/A Attorney ID # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* ___

**B.  Diversity Jurisdiction Cases:**
1. ☒ Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* ___
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify)* ___

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, A. Feinko, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE: 11/19/18   [signature] Attorney-at-Law / Pro Se Plaintiff   N/A Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

MAK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

A. FEINI°D                              :           CIVIL ACTION
              v.                        :
ERIE, ET AL                             :           NO. 18   4990

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                            (X)

_11/19/18_                _A. Feinh Dr_              _A. Feinh Dr_
**Date**                  **Attorney-at-law**         **Attorney for**

_215-564-3500_            _n/a_                      _n/a_
**Telephone**             **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF

**18   4990**

Allen Feingold
P.O. Box 60171
Philadelphia, Pennsylvania, 19102

A JURY TRIAL IS DEMANDED

v.

McCormick & Priore
450 Plymouth Road
Suite 204
Plymouth Meeting, Pennsylvania, 19462
&
Peter Kulp
450 Plymouth Road
Suite 204
Plymouth Meeting, Pennsylvania, 19462
&
Scott Tredwell
450 Plymouth Road
Suite 204
Plymouth Meeting, Pennsylvania, 19462
&
Erie Insurance Exchange     All
Erie Insurance Group        A/K/A
Erie Car Insurance          ERIE
1400 North Providence Road
Suite 216
Rose Tree Corporate Center
Media, Pennsylvania, 19063

COMPLAINT

## COMPLAINT

Allen Feingold, pro se, brings this complaint against the above-captioned defendants and avers in support thereof as follows:

### Introduction

1. This is an action seeking redress against the above defendants for fees, costs, time, effort and monies expended and owed to the plaintiff by Hilda Cid. The action also seeks recovery against the defendants for breech of various agreements, contracts, laws and understandings between Hilart Cid and the defendants.

2. Jurisdiction of this matter is premised upon diversity of citizenship pursuant to 28 U.S.C. Section 1332, as the parties are all citizens of different states. Venue of this matter is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391, as the events forming the basis of this complaint occurred in the Eastern District of Pennsylvania.

3. Plaintiff, Allen Feingold is an adult individual, citizen and resident of the Southern District of Florida.

4. The defendants are adult individuals, organization and corporations that are citizens, residents, organized or incorporated with principal places of business in states other than Florida.

5. At all times material hereto, defendants acted individually, independently and improperly and through their agents, servants, workman, counsel, and/or employees, who then and there were acting within and without the course and scope of their agency, servitude, work, representation and/or employment.

6. Hilda Cid was involved in two collisions and suffered serious injuries and losses, in each, while at the time of each she was insured and covered by a contract of insurance, which included both UM and UIM coverages, with the Erie Defendants that should and did cover her for these collisions, injuries and losses. Hilda Cid partly because of the defendants delays, harassment, broken agreement, improprieties and failure to timely fulfill their obligation has transferred, agreed, contracted and assigned some, part of her rights and claims against these defendant. See Exhibit # 1 Attached

## PARTIES

7. The Plaintiff is Allen Feingold, an individual with an address located at P.O. Box 60171, Philadelphia, Pennsylvania, 19102.

8. The Defendant is McCormick & Priore, P.C. an organization with an address located at 450 Plymouth Road, Suite 204, Plymouth Meeting, Pennsylvania, 19462.

9. The Defendant is Peter Kulp, an individual with an address located at 450 Plymouth Road, Suite 204, Plymouth Meeting, Pennsylvania, 19462.

10. The Defendant is Scott Tredwell, an individual with an address located at 450 Plymouth Road, Suite 204, Plymouth Meeting, Pennsylvania, 19462.

11. The Defendants are Erie Insurance Exchange, Erie Insurance Group, Erie Car Insurance, all A/K/A as Erie, "ERIE", organizations with an address located at 1400 North Providence Road, Suite 216, Rose Tree Corporate Center, Media, Pennsylvania, 19063, companies and corporations organized and existing under the laws of the Commonwealth of Pennsylvania, while transacting substantial and continuing business within the Commonwealth of Pennsylvania and maintaining a place of business as set forth above.

12. At all times relevant hereto, the various Defendants and organizations acted through and were represented by agents, servants, employees, representatives and counsel who were then and there acting within and outside their agency, servitude, employment, and representation.

## HISTORY

12. The events which are the basis of these claims and allegations have taken place and continued over a period of years up to the present day by most or all of the defendants causing damage, injury and delay that further damaged and injured the claims and causes of action.

13. On the date that these claims and causes of action occurred or came into being, both prior and subsequent thereto, the defendants had determined to increase profits, fees and eliminate costs, reduce payments, pay outs for obligations, fulfill obligations

14. To recognize the aim of this scheme, defendants sought out medical and legal consultant and professionals who would be willing to consistently and continuously do all that they could do and/or accomplish to injure, reduce and/or delay any and all claims, payments and obligations of the defendant insurance company to their insureds and/or claimants.

15. To further recognize the aim of their scheme, the defendants, insurers, agreed that neither they, nor their counsel would engage in reasonable or fair settlement discussions in further attempts to force trial on claims, delay resolution of claims and to cause the holders of the claims, as much grief and aggravation in pursuing their claims, even when the claims were originally held by the insurers own insureds, who are thereby obligated to provide a higher degree of fiduciary duty.

16. The defendants believed that by their scheme defense attorneys would be more willing to undertake representation of these claims while claimants attorneys would be less willing to do so since they would be forced to incur significant and unreasonable costs, time and work in pursuing the claims which would be the exact opposite that would attract the defendants to accept and defend these claims.

17. Also, defendants believed that by forcing these claims to trial and/or delaying same by any means, either proper or not, they would prevail in more litigation and/or force claimant to accept far less than their claims were worth or valued and/or to obtain and/or secure procedural advantages to which they had no right to obtain.

18. By this scheme, these defendants hoped to make counsel less available to the claimants and more available to the insurance companies, as well as to discourage claimants from pursuing their claims to a fair and just conclusion.

19. To aid in realizing the aim of its scheme, insurance companies and defendants employed counsel who were willing to carry out the insurance companies and defendants obstructionist tactics regardless of their legal merit or propriety.

## COUNT I - (Bad Faith)
## Plaintiff v. Defendants

21. Plaintiff incorporates the allegations of paragraphs 1 through 20 above herein by reference as though fully set forth at length.

22. At the time of the aforesaid collision, Cid was insured under policies of motor vehicle insurance which provided for underinsured and uninsured motorist coverage in connection with her collisions.

23. Defendants have refused to make any payment to Cid, despite her clear entitlement to benefits under one or more of the aforesaid coverages.

24. As a consequence, Cid has been deprived of the benefits rightfully owing to her virtue of the payment of premiums to defendants.

25. The aforsesaid conduct of defendants is in bad faith and in violation of 42 Pa.C.S. Section 8371 for the reasons set forth above, and in that:

    a. defendants have not advised Cid of any specific reason for the rejection of her claims;

    b. defendants have failed to acknowledge and act promptly on Cid's benefit claims;

    c. defendants have not attempted in good faith to effectuate a fair, prompt and equitable settlement of Cid's claims;

    d. defendants have failed and refused to pay benefits in the absence of a bona fide and objectively reasonable belief that they would succeed in continuing to contest Cid's entitlement to such benefits, even in the face of undisputed evidence of liability to Cid;

e. defendants deliberately misrepresented the scope, amount and requirements of coverage available to Cid under the policies;

f. defendants failed to adopt and implement reasonable standards of investigation with respect to submitted claims;

g. defendants' conduct as aforesaid violated the Pennsylvania Unfair Insurance Practice Act (40 P.S. Section 1171, et seq.) and the Unfair Trade Practice and Consumer Protection Law (73 P.S. Section 201-2).

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, together with interest at 3% over prime on all unpaid benefits; attorney's fees, punitive damages and such further relief as deemed appropriate by the Court.

_____
ALLEN L. FEINGOLD
Pro se Plaintiff

## AGREEMENT, CONTRACT AND ASSIGNMENT

AND NOW THIS 8 TH DAY OF OCTOBER, 2018, IT IS HEREBY AGREED BY AND BETWEEN ALLEN FEINGOLD, AND HILDA CID, THAT TO COMPENSATE AND REPAY ALLEN FEINGOLD FOR ALL OF THE WORK, REPRESENTATIONS, TIME, EXPENSES AND COSTS THAT HE PERFORMED AND ADVANCED OR PAID FOR, AS WELL AS WORK AND EXPENDITURES ON THESE ACCIDENTS AND COLLISIONS IN WHICH I WAS INVOLVED IN ON OR ABOUT MAY, 2005 AND MARCH 2006, AS WELL AS NUMEROUS OTHER MATTERS AND UNDERTAKINGS, AND CLAIMS ON MY BEHALF, THAT I, HILDA CID AM ASSIGNING, CONTRACTING AND TRANSFERRING TO ALLEN FEINGOLD, ONE HUNDRED (100%) PECENT OF MY CLAIMS FOR BAD FAITH, BREACH OF CONTRACT, DAMAGES, LOSSES, PROPERTY DAMAGE AND OTHER LOSSES AND IMPROPRIETIES THAT I POSSESS AGAINST THE LAWYERS, LAW FIRMS, DEFENSE DOCTORS, DEFENDANTS AND THEIR INSURANCE COMPANIES, AS WELL AS ERIE INSURANCE COMPANY AND THEIR VARIOUS REINCARNATIONS, SUBSIDIARIES AND RELATED COMPANIES, OR ANY OTHER PERSON OR ENTITY THAT CAUSED MY LOSS, HARM AND/OR DELAYED MY CLAIMS.

_____
ALLEN FEINGOLD

_____
HILDA CID

EX-1